SHERMAN *et al. v.* ROTHSCHILD *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

PARTIES—JOINDER—DAMAGES FOR CONSPIRACY.

 Where their claims are such that plaintiffs could not join in an action thereon against defendants, the fact that each plaintiff has reduced his debt to judgment

will not authorize a joint suit against defendants for damages caused by their conspiracy to obtain on credit, and fraudulently dispose of, the goods, from the sale of which the debts due the several plaintiffs arose.

Appeal from special term, New York county; MILES BEACH, Justice.

This was an action by John T. Sherman, Frank F. Cecil, and others against the same defendants as in the preceding case of *Gray* v. *Rothschild, ante,* 299, and is in all respects like that case, except that the plaintiffs here had reduced their claims to judgment before bringing the action. From an order and interlocutory judgment dismissing the action on demurrer for misjoinder of parties plaintiff, the plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Henry L. Landon,* for appellants. *Horwitz & Hershfield* and *Wales F. Severance,* for respondents.

DANIELS, J. The plaintiffs obtained judgments by confession against Charles M. and Jacob M. Rothschild, and then commenced a common action against the same persons as are defendants in the case just disposed of, (*Gray* v. *Rothschild, ante,* 299,) to recover the damages which they had sustained by the sale and delivery of goods to the firm of Charles M. Rothschild & Co. Fourteen different sales were relied upon and set forth in the complaint, upon each of which the purchasers of the goods had confessed judgments to the individuals and firms, respectively, making the sales. There are eleven of these firms, and three individual vendors. The complaint in this action in no substantial degree differs from that in the other suit, except by the circumstance that these judgments by confession have been entered. The judgments in no manner advance the right of the plaintiffs to join in the prosecution of this action; for it has not been brought to set aside any unauthorized or fraudulent transfer of the defendant's property. If it had been, as judgment creditors whose executions have been returned, they could have joined in its prosecution; but they have brought the action to recover damages against the four defendants for the several losses produced by the false representations made to each of the vendors, and the conspiracy for the success of which such fraudulent representations are alleged to have been made. In all important respects the case is the same as the other, and cannot be maintained by these plaintiffs, for the reasons already assigned. And, as the action is not capable of being maintained in this form, it follows that the order was right in vacating the attachment which had been issued; for in this case no election was expressed or intimated, at the trial or hearing, that the action might be retained as to either one of the individuals or firms joined as plaintiffs in the suit.

The judgment and the orders should therefore be affirmed, with the same costs to the respondents.

VAN BRUNT, P. J., and BRADY, J., concurring.